**Carol VANDERMEULEN, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 89–4609.**

United States District Court,
D. New Jersey.

April 10, 1990.

As Amended April 26, 1990.

Eric Christopher Landman, Toolan, Abbott, Ziznewski & Hollander, Edison, N.J., for plaintiff.

Nancy Sivilli, Saiber Schlesinger Satz & Goldstein, Newark, N.J., for defendant.

## OPINION

WOLIN, District Judge.

This matter is before the Court on both plaintiff Carol Vandermeulen's and defendant Allstate Insurance Company's ("Allstate") motions for summary judgment. The Court has reviewed the submissions of the parties and heard oral argument. For the reasons which follow, the Court finds that there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law.

## I. BACKGROUND

The facts of this case are not disputed by the parties. On or about November, 1985, plaintiff leased an automobile from the Chrysler Financial Corporation—Gold Key Lease Program ("Chrysler") which was insured pursuant to a general policy issued by defendant Allstate to Chrysler. At the time plaintiff leased her car, she was a resident of the State of New York. Plaintiff received a single-sheet Memorandum of Insurance ("Memorandum") which set forth the coverages and limits under the policy. The Memorandum states that the limits for uninsured motorist coverage and no-fault liability are the "Financial Responsibility Limits Applicable to Each State." The Memorandum also states at the bottom that it "is not a complete statement of coverage and no obligation exists on the part of the Company to provide coverage inconsistent with the master policy issued to the named insured [Chrysler]."

The master policy is a voluminous document containing over 100 endorsements which describe the coverage of the policy applicable to each state. Endorsement 9 of the master policy states the Uninsured Motorist/Underinsured Motorist ("UM/UIM") coverage which the policy provides for each state. Certified Statement of Raymond Schreiber ("Schreiber Cert."), Exhibit B. Endorsement 9 clearly and expressly states that the limit of UM/UIM coverage in New Jersey under the policy is $35,000 single limit.[1] Endorsement 65 provides details of the policy's UM/UIM coverage for New Jersey. Schreiber Cert., Exhibit C. Subsection E of the Endorsement provides that "the limit of liability shown in the Declarations for Uninsured Motorists Insurance is the most **we** will pay for all damages resulting from any one **accident** with an **uninsured motor vehicle** or an **underinsured motor vehicle**" (emphasis in original).

On or about July, 1986 plaintiff moved to the State of New Jersey and became a resident. Plaintiff maintained and principally garaged her car in the State of New Jersey. Plaintiff apparently did not notify Allstate of her relocation. Subsequently, on September 27, 1986 plaintiff, as a pedestrian, was involved in an automobile accident with an underinsured driver. The driver's automobile insurance provided for bodily injury liability coverage in the amount of $15,000 per person and $30,000 per occurrence. Plaintiff and the driver negotiated a settlement whereby plaintiff was paid the full amount of the driver's policy, $15,000.

Plaintiff then submitted treatment bills to Allstate for payment and requested income continuation benefits. Allstate represents that it initially refused payment because of the belief that plaintiff was a New York State resident and such coverage is not provided in New York State. Thereafter, Allstate learned that plaintiff was a New Jersey resident. Since plaintiff was covered pursuant to New Jersey statutes, Allstate paid the bills and provided income continuation benefits. Plaintiff commenced this lawsuit to compel defendant Allstate to reform and/or interpret the instant insurance policy so as to provide UM/UIM coverage in an amount equal to the bodily injury and property liability coverage issued in the amount of $500,000 single limit. Both parties agree that New Jersey law governs this action.

## II. DISCUSSION

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hersch v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir.1986). In making this determination, a court must make all reasonable inferences in favor of

---

1. This is the aggregate amount of coverage available for one accident. The New Jersey statute mandates that the minimum UM/UIM coverage is $15,000 per person, $30,000 per accident and $5,000 for property damage. *See* N.J. S.A. 39:6A–14; 17:28–1.1. Therefore, the maximum amount of coverage available for one accident is $30,000 for bodily injury and $5,000 for property damage, totaling $35,000.

the non-movant. *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. dismd*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment must be granted if no reasonable trier of fact could find for the non-moving party. *Id.* Moreover, if the moving party has carried its burden of establishing the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Therefore, even when the non-moving party's evidence is merely "colorable" or "not significantly probative," the Court may grant summary judgment. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511.

■ Both parties have moved for summary judgment, contending that, on the undisputed factual record each is entitled to judgment as a matter of law. Plaintiff asserts that because the Memorandum of Insurance is ambiguous in its description of the UM/UIM coverage applicable to plaintiff's policy, plaintiff should receive the maximum coverage allowed under New Jersey law. Defendant contends that the language of the Memorandum unambiguously states that plaintiff is entitled to the single limit amount of $35,000 under the provision for UM/UIM coverage.

After a careful review of the Memorandum of Insurance, the Court finds that the language that the UM/UIM coverage will be determined with reference to the "Financial Responsibility Limits Applicable to each State" is unambiguous. It is obvious from this statement that the coverage must vary depending on the state involved. It is common-sense that this provision refers to the mandatory provisions of each state's Financial Responsibility Laws. The Memorandum also states that it "is not a complete statement of coverage" and that Allstate will only "provide coverage [ ]consistent with the master policy issued to [Chrysler]. This provision put the plaintiff on notice that her rights under the insurance policy could be determined only with reference to the actual master insurance policy between Chrysler and Allstate. That policy and its endorsements clearly specify the coverage that is provided under the UM/UIM coverage provision.

New Jersey law clearly mandates certain minimum requirements of coverage. The endorsements to the master policy track those provisions. New Jersey law also provides an option to purchase additional UM/UIM coverage, up to a certain ceiling.[2] Chrysler could have exercised that option and purchased additional coverage. Also, according to the terms of the Memorandum, plaintiff could have canceled the insurance provided through Chrysler and substituted her own insurance policy. She did not choose that option. The language of the Memorandum clearly indicates that Allstate provided the UM/UIM coverage which was required by statute in each state. The New Jersey statute requires that certain minimum coverages must be provided. These are the coverages which are provided in the master policy.

■ Plaintiff also argues that she should not be bound by the clear terms of the insurance contract because she never received a copy of the policy. This argument is unavailing. Plaintiff knew of the existence of the master policy between Chrysler and Allstate and knew that her coverage would be determined by that master policy. The endorsements of the master policy which describe the coverages applicable to New Jersey residents merely track the mandatory provisions of New Jersey law,

**2.** N.J.S.A. § 17:28–1.1(b) provides in relevant part that:

    [UM/UIM] coverage shall be provided as an option by an insurer to the named insured, up to ... $500,000 single limit ... except that the limits ... shall not exceed the insured's motor vehicle liability policy limits for bodily injury and property damage respectively.

as is stated in the Memorandum of Insurance. The Court finds that there are no genuine issues of material fact and that, as a matter of law, the Memorandum of Insurance and the master policy are unambiguous and clear. Therefore, the Court holds that defendant Allstate is entitled to summary judgment as a matter of law dismissing the complaint with prejudice.

## III. CONCLUSION

For the reasons stated above, the Court finds that there are no factual issues in dispute and defendant Allstate is entitled to judgment as a matter of law. Therefore, plaintiff's motion for summary judgment will be denied and defendant's motion for summary judgment will be granted. The complaint will be dismissed with prejudice.